UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

- - -

ALEEHA DUDLEY,               . Case No. 1:14-cv-038
                            .
        Plaintiff,          . *Terms of Settelement*
                            .
    - v -                   .
                            . Friday, January 15, 2016
MIAMI UNIVERSITY, et al.,    . 4:35 PM
                            .
        Defendants.         . Cincinnati, Ohio
. . . . . . . . . . . . . . .


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE TIMOTHY S. BLACK, JUDGE


<u>APPEARANCES</u>:

For the Plaintiff:

DANIEL F. GOLDSTEIN, ESQ.        KERSTIN SJOBERG-WITT, ESQ.
Brown, Goldstein & Levy, LLP     Ohio Disability Rights Law
120 East Baltimore Street          and Policy Center, Inc.
Suite 1700                       50 West Broad Street
Baltimore, Maryland  21202       Suite 1400
                                 Columbus, Ohio  43215-5923

                                 RUTH COLKER, ESQ.
                                 2697 Wickliffe Road
                                 Upper Arlington, Ohio  43221

For the Intervenor Plaintiff United States of America:

PEARLINE M. HONG, ESQ.           MATTHEW J. HORWITZ, ESQ.
NABINA SINHA, ESQ.               United States Attorney's Office
U.S. Department of Justice       221 East Fourth Street, Suite 400
950 Pennsylvania Avenue,         Cincinnati, Ohio  45202
  N.W. - NYA
Washington, D.C.  20530


*Proceedings recorded by stenography,*
*transcript produced by computer.*

1   APPEARANCES (Continued):

2   For the Defendants:

3   MITCHELL D. McCRATE, ESQ.        DANIEL J. BUCKLEY, ESQ.
    Deputy General Counsel           ELIZABETH THYM SMITH, ESQ.
4   Miami University                 ERIN DWYER FRENCH, ESQ.
    205 Roudebush Hall               Vorys, Sater, Seymour & Pease LLP
5   Oxford, Ohio  45056              301 East Fourth Street
                                     Suite 3500, Great American Tower
6                                    Cincinnati, Ohio  45202

7   Court Reporter:       Luke T. Lavin, RDR, CRR
                          Potter Stewart U.S. Courthouse
8                         100 East Fifth Street, Room 103
                          Cincinnati, Ohio  45202
9                         Telephone:  (513) 564-7500

10                             - - -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Proceedings recorded in stenotype;*
*transcript prepared by computer-aided*
*transcription.*

1      P R O C E E D I N G S

2      (In Hogan-Porter Lawyers' Lounge at 4:35 PM.  Present:  Ms.

3   Hong, Mr. Horwitz, Ms. Sinha, Mr. Buckley, Ms. French, Mr.

4   McCrate and Ms. Smith.)

5          THE COURT:  All right.  Will you help Luke when he's

6   ready in terms of indicating who is here on behalf of the

7   United States, name and title.

8          MS. HONG:  Pearline Hong on behalf of the United

9   States.

10         MR. HORWITZ:  Matthew Horwitz on behalf of the United

11  States.

12         MS. SINHA:  Nabina Sinha on behalf of the United

13  States.

14         THE COURT:  Do you need the spelling?

15         THE REPORTER:  No, I'm good.  Thank you.

16         THE COURT:  Okay.

17     And on behalf of the University?

18         MR. McCRATE:  Mitchell McCrate, Deputy General Counsel

19  for Miami.

20         MR. BUCKLEY:  Daniel Buckley, Vorys Sater, for Miami.

21         MS. SMITH:  Elizabeth Smith from the Vorys firm for

22  Miami.

23         MS. FRENCH:  Erin French, Vorys, Miami.

24         THE COURT:  All right.  We have gathered in the

25  presence of the court reporter at the end of the day.  We've

1  been engaged in settlement negotiations all day on the matter

2  of *Dudley versus Miami University*.  We're now going to

3  memorialize what status is as to the University and the

4  government.

5      Who wishes to be heard?

6          MS. HONG:  Your Honor, we've reached agreement to

7  report back to you by February 1st on the progress of our

8  settlement discussions.

9          THE COURT:  Is that what you all wanted to

10  memorialize?

11          MS. SMITH:  Yes.

12          MR. McCRATE:  That's correct.

13          THE COURT:  Is there anything further?

14          MR. BUCKLEY:  No.

15          THE COURT:  Are you prepared to respond to my inquiry,

16  have you made substantial progress and are you feeling good

17  about completing the agreement?

18          MS. HONG:  We have made substantial progress, and we

19  hope that we are close to agreement or that we will be at

20  agreement very soon.

21          THE COURT:  And on behalf of the University?

22          MR. McCRATE:  That is correct, Your Honor.  We've made

23  substantial progress, and we hope to be able to report to you

24  soon that we've reached an agreement.

25          THE COURT:  Very well.

1    Thank you, Luke.

2        THE REPORTER:  You're welcome, Judge.

3        THE COURT:  We're going to go memorialize something in

4    the other room.

5        (Hogan-Porter Lawyers' Lounge proceedings concluded at 4:37

6    PM.)

7        (In chambers at 4:40 PM.  Present:  Ms. Colker, Ms.

8    Sjoberg-Witt, Mr. Goldstein, Mr. McCrate, Mr. Buckley, Ms.

9    French and Ms. Smith.)

10        THE COURT:  Are you ready to go on the record?

11        THE REPORTER:  (Nods head up and down.)

12        THE COURT:  Before we do, would you help the court

13    reporter.  They have entered their appearances.  Would you tell

14    the court reporter your name and role and title.

15        MS. SJOBERG-WITT:  Kerstin Sjoberg-Witt, spelled

16    K-e-r-s-t-i-n, last name S-j-o-b-e-r-g, hyphen, W-i-t-t.  I

17    represent plaintiff Aleeha Dudley, and I'm going to speak first

18    about --

19        THE COURT:  No, not yet.

20        MR. GOLDSTEIN:  Daniel Goldstein of the law firm of

21    Brown, Goldstein and Levy on behalf of Aleeha Dudley.

22        MS. COLKER:  Ruth Colker, that's C-o-l-k-e-r, and I

23    represent Aleeha Dudley.

24        THE REPORTER:  Thank you.

25        THE COURT:  All right.  We're on the record in

 1  chambers in the matter of *Dudley versus Miami University, et*
 2  *al.*  We have been engaged in settlement negotiations all day
 3  with the government, the University, and the plaintiff, and it
 4  is my sense that the parties have reached a comprehensive
 5  settlement in principle.  The substance of the consent decree
 6  with the government needs to be massaged and finished.
 7       Contingent upon the decree being fully achieved, the
 8  plaintiff and the University have reached a settlement that the
 9  lawyers are going to state the gist of on the record today.
10       Is that the plaintiff's understanding?
11            MS. SJOBERG-WITT:  It is, Your Honor.
12            THE COURT:  And the University as well?
13            MR. BUCKLEY:  Yes, Your Honor.
14            THE COURT:  All right.  Let's hear the gist of the
15  settlement agreement.  I understand plaintiff's counsel is
16  going to speak to some of the language in the consent decree,
17  and then defense counsel is going to reflect the gist of the
18  substantive agreement beyond the settlement -- beyond the
19  consent decree.
20            MR. BUCKLEY:  That's correct.
21            MS. SJOBERG-WITT:  Yes.
22            THE COURT:  Very well.
23            MS. SJOBERG-WITT:  So we made some agreements today
24  relating to Ms. Dudley's role in the consent decree and some
25  language changes pertinent to that.

1    So working off of a draft that was shared to us by Miami in

2    early January, I think on January 6 --

3        MS. FRENCH:  Correct.

4        MS. SJOBERG-WITT:  -- we agreed to accept changes in

5    paragraph 1 that were redlined by Miami.

6    We agreed to remove language in paragraph 2 starting with

7    "In her Complaint" continuing to the end of that paragraph, in

8    exchange for Miami removing all of paragraph 3 that they had

9    inserted in that draft.

10    Then moving to paragraph 17, we agreed to the language "the

11    United States, Miami and Ms. Dudley, in parentheses, as to

12    those provisions of this decree that apply to former students."

13    And to paragraph, it should be now, 66, "Dudley agree

14    that" -- oh, sorry.

15        MR. GOLDSTEIN:  Close paren.

16        MS. SJOBERG-WITT:  "Close paren."

17    "Dudley agree that it is in their interest, the United

18    States believes that it is in the public interest to resolve

19    this lawsuit without further litigation," and so on.

20    "According to the United States, Dudley and Miami, open paren,

21    the parties, close paren, agree to the entry of this consent

22    decree."

23    We agree to the additional language that was added by Miami

24    about only the United States having the power to seek

25    enforcement.

1     The rest of the paragraph as was proposed in the redline by

2  Miami was acceptable to us as well.

3          MS. SMITH:  You did not mention, in the previous

4  paragraph, the agreement to dismiss President Hodge.

5          MS. SJOBERG-WITT:  That's acceptable to us as well.

6  That was in paragraph --

7          MS. SMITH:  2.

8          MS. SJOBERG-WITT:  -- 2.

9          MS. SMITH:  Thank you.

10          MS. SJOBERG-WITT:  Yes, in paragraph 2 the dismissal

11  of President Hodge is acceptable to plaintiff as well.

12          MS. SMITH:  And there may be some more drafting that

13  needs to be done, but --

14          MS. SJOBERG-WITT:  And we'll review the substance when

15  it happens.

16          MS. SMITH:  Yes.

17          MS. SJOBERG-WITT:  Those were the key things we wanted

18  to get.

19     And the last key thing is in paragraph 66.  We agreed that

20  the -- we agreed to strike out "Dr. Hodge," but the remaining

21  part should read:  Miami and Dudley have entered into an

22  additional agreement subject to the continuing jurisdiction of

23  the Court until fulfilled, and to which the United States is

24  not a party, that governs the payment of money to Dudley, other

25  release applicable to Dudley, and the release of Dudley's

1  claims against Miami.

2        THE COURT:  Very well.  Have we memorialized the

3  changes in the drafts of the consent decree that address the

4  role of the plaintiff as a party to the consent decree without

5  any enforcement ability?

6      From the plaintiff's perspective, have we?

7        MS. SJOBERG-WITT:  I believe, as we just put on the

8  record, I think that has now been resolved.

9        THE COURT:  Is that yes?

10        MS. SJOBERG-WITT:  Yes.

11        MR. BUCKLEY:  Yes, Your Honor.

12        THE COURT:  Very well.

13      Mr. Buckley, you're going to flesh out the balance of the

14  gist of the agreement?

15        MR. BUCKLEY:  Yes.  Thank you very much.

16      As plaintiff's counsel referred to, there is an additional

17  settlement agreement.  That settlement agreement is that the

18  parties have agreed, previously agreed, on expungement

19  language, and that will be incorporated specifically into the

20  settlement agreement.  The damages amount payable to Aleeha

21  Dudley is a total of $260,000, 108 of which is allocable to

22  tuition, fees and board payable as due, pursuant to a five-year

23  undergraduate program --

24        THE COURT:  At?

25        MR. BUCKLEY:  To the extent Miami --

1       THE COURT:  At?  Ohio State?

2       MR. BUCKLEY:  I'm sorry.  The Ohio State University.

3       THE COURT:  Very well.

4       MR. BUCKLEY:  All right.

5    -- up to $50,000 of which -- and that is intended to be a

6    cap -- Miami will pay to the extent that student loans have to

7    be repaid to the federal government.  The balance will be

8    payable to Ms. Dudley, and it will be characterized, as it is,

9    as pain and suffering.

10      The parties have agreed to discuss a sharing -- sharing the

11   risk of additional tuition and fee increases.  The parties have

12   agreed that Miami will pay attorneys' fees to Ms. Dudley's

13   counsel in the amount of $240,000.  All of this is contingent

14   on the final consent decree, and Ms. Dudley has a right to

15   review that decree.

16      I think I've covered everything.

17      MR. GOLDSTEIN:  I have --

18      THE COURT:  Very well.  I would ask if Mr. Buckley has

19   stated the gist of the agreement or if it needs to be

20   supplemented.

21      From plaintiff's perspective?

22      MR. GOLDSTEIN:  I have one small amendment.  You said

23   260,000 payable to Ms. Dudley, and I would ask that -- I

24   believe our agreement is that it's 260,000 that is either

25   payable to Ms. Dudley or on her behalf.

```
 1            MR. BUCKLEY:  That is correct.

 2            THE COURT:  Very well.  So has the gist of the

 3    settlement agreement been stated on the record both by

 4    plaintiff's counsel's reference to the changes in the consent

 5    decree and in Mr. Buckley's representation as to the gist of

 6    the separate settlement agreement?

 7        Plaintiff?

 8            MR. GOLDSTEIN:  Yes, Your Honor.

 9            THE COURT:  University?

10            MS. SMITH:  (Nods head up and down.)

11            MR. McCRATE:  Yes, Your Honor.

12            MR. BUCKLEY:  Yes, Your Honor.

13            THE COURT:  Very well.  I think it's an extraordinary

14    credit to you, all that you have achieved today.  I would

15    propose to go off the record unless we need to put more on the

16    record.

17        Is there more to put on the record from the plaintiff's

18    perspective?

19        (Cellphone rings.)

20            MS. COLKER:  Sorry.

21            MR. GOLDSTEIN:  Not at this time, Your Honor.

22            THE COURT:  The University's perspective?

23            MR. BUCKLEY:  No, Your Honor.

24            THE COURT:  Very well.  We're off the record.

25        Thank you, Luke.
```

1          MR. BUCKLEY:  I think the record should reflect the

2   Court's hard work.

3          MS. SJOBERG-WITT:  Oh, absolutely.

4          MR. BUCKLEY:  Thank you very much.

5          THE COURT:  We're off the record.

6      (Proceedings concluded at 4:51 PM.)

7                       - - -

8                 C E R T I F I C A T E

9          I, Luke T. Lavin, RDR, CRR, the undersigned, certify

10  that the foregoing is a correct transcript from the record of

11  proceedings in the above-entitled matter.

12

13                      s/Luke T. Lavin
                        _____
                        Luke T. Lavin
14                      Official Court Reporter

15                       - - -

16

17

18

19

20

21

22

23

24

25